**Vardges MARTIROSYAN, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–73425.**

**Agency No. A78–529–900.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.\*\*

Decided Nov. 15, 2005.

Vardges Martirosyan, Montebello, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Hillel Smith, Anthony W. Norwood, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before WALLACE, LEAVY, and BERZON, Circuit Judges.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

598

MEMORANDUM***

Vardges Martirosyan, a native and citizen of Armenia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's denial of asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Martirosyan contends that the BIA erroneously based its adverse credibility determination on minor inconsistencies in his testimony and did not give adequate consideration to the corroborating evidence he submitted. Substantial evidence supports the BIA's decision. *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). As the BIA noted, Martirosyan's story contained several discrepancies which went to the heart of his claim. For example, his written declaration states that he was arrested and detained for protesting against the government, while at the hearing, he insisted that he did not participate in any protests or demonstrations, but rather attended a rally and participated in other recruiting activities for his political party. *See e.g., Kaur v. Gonzales,* 418 F.3d 1061, 1067 (9th Cir.2005) (material inconsistency goes to the heart of Kaur's persecution claim where she first testified her political activities included campaigning to boycott elections and later testified they were limited to voting). Additionally, Martirosyan's inability to recognize the names of other parties active in Armenian national politics undermines his claim that he was actively involved in the political arena, and that he was harassed and detained by government officials on account of his political opinion.

Because Martirosyan failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation.

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

